IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ATLANTIC RECORDING CORPORATION, a
Delaware corporation; PRIORITY RECORDS, LLC,
a California limited liability company; CAPITOL          CV No. 05-933-AS
RECORDS, INC., a Delaware corporation; UMG
RECORDINGS, INC., a Delaware corporation; and          ORDER
BMG MUSIC, a New York general partnership,

          Plaintiffs,

   v.

TANYA ANDERSON,

          Defendant.

_____

ASHMANSKAS, Magistrate Judge:

On December 12, 2006, the court conducted a status conference and heard oral argument on

two pending discovery motions. Having considered the arguments and issues raised, the court

orders as follows:

1)      Defendant's Motion for Sanctions Including Dismissal of Plaintiff's Claims (No. 71) is

      denied.

1 - ORDER

2)      Plaintiffs' Motion to Compel Deposition of Defendant and to Extend Deadlines (No. 66) is

        granted in part and denied in part, specifically:

        (a)      the deadline for the parties to complete discovery is extended to March 15, 2007;

        (b)      the deadline for the parties to file dispositive motions is extended to April 13, 2007;

        (c)      the deposition of defendant will not be ordered at this time.  However, it is

        anticipated that defendant will be deposed, if reasonably noticed by plaintiffs before

        the close of discovery, but after the parties have exchanged documentary discovery.

        Towards that end:

        (i)      the parties are to serve requests for production, and any requests for

        admission or interrogatories within 10 days of the date of this order;

        (ii)      responses are to be served and documents produced within 20 days

        of service of the requests for production, requests for admission or

        interrogatories.

The court's previous attempts to accommodate the requests of both parties for limited,

expedited  discovery consisting of the inspection of defendant's computer hard drive has not

narrowed the issues or facilitated the early resolution of this case, as the court was led to believe.

Rather, it has resulted in seriatim and repetitive disputes and undue delay.  Discovery will no longer

be conducted piecemeal in this action.  Unless specifically provided in this or a subsequent order,

the parties are to engage in discovery as contemplated and provided for in the Federal Rules of Civil

Procedure, and the Local Rules of Civil Practice, including 83.7 concerning Standards of

Professional Conduct and 83.8 concerning Cooperation Among Counsel.

2 - ORDER

ADDITIONAL ORDERS REGARDING PLEADINGS

To facilitate the efficient administration of this case, it is further ordered that:

3)     Plaintiffs' Motion to Dismiss Counterclaims (No. 18) is denied without prejudice and with

leave to refile;

4)     Defendant's Motion to Dismiss Plaintiff's Claims for Copyright Infringement of File Names

Listed in Exhibit B to their Complaint (No. 28) is denied without prejudice and with leave

to refile.

5)     Defendant's Amended Counterclaim to Defendant's Answer, Affirmative Defenses and

Counterclaims (No. 29) is stricken sua sponte for failing to comply with Rule 15.1(c) of the

Local Rules of Civil Practice.  If defendant intends to file either an Amended Answer,

Affirmative Defenses and Counterclaims, or a Motion for Leave to File an Amended

Answer, Affirmative Defenses and Counterclaims, it must done within 20 days of the date

of this order so that any objection(s) plaintiffs may have to the filing of the amended

pleading may be resolved in advance of the dispositive motion deadline of April 13, 2007.

The court finds these orders necessary to maintain the integrity of the docket, and reasonable in light

of the course of this action as set forth in more detail below.

BACKGROUND AND COURSE OF DISCOVERY

Based on the previously noted prior representations of the parties that an inspection of

defendant's computer hard drive would narrow the issues and possibly result in early resolution of

this action, on February 3, 2006, the court suspended briefing on the motions to dismiss and entered

a 60-day stay.  In response to plaintiffs' subsequent motion to compel, on March 17, 2006, the court

stayed this matter "pending conclusion of computer hard drive examination by a neutral expert."

Then, on June 5, 2006, in response to a Renewed Motion to Compel and Motion for

Reconsideration of Order Requiring Neutral Expert filed by plaintiffs, the court ordered plaintiffs'

counsel to draft a protective order for review by defendant's counsel and containing specific

elements.

Without any reference to whether it was provided to defendant's counsel, as previously

ordered, or whether plaintiffs' counsel conferred with defendant's counsel, plaintiffs submitted a

proposed form of order on June 15, 2006.  On June 22, 2006, defendant filed objections to plaintiffs'

form of order and submitted an alternative proposed form of order.  Plaintiffs filed a motion for an

extension of time until July 13, 2006, to respond to defendant's objections to plaintiffs' proposed

order.  On July 11, 2006, the court signed plaintiffs' proposed Order to Compel Inspection and

Copying of Computer Hard Drive and Protective Order.

On October 3, 2006, counsel for defendant sent a letter to the court reporting that, despite

having been in possession of a mirror image of defendant's hard drive for nearly five weeks,

plaintiffs' counsel had produced no information about the inspection.  The court held a status

conference on October 18, 2006, and ordered "all information, results, etc." regarding the

investigation of defendant's hard drive to be turned over to counsel for defendant no later than

October 25, 2006.  The parties were admonished to comply with Local Rule 7.1—to attempt in good

faith to resolve disputes—and to complete discovery by November 28, 2006.

On November 13, 2006, plaintiffs filed a motion to compel the deposition of defendant.

Defendant's response incorporated a motion for sanctions, including dismissal, for plaintiffs' failure

to comply with this court's order of October 25, 2006.  (The court ruling disposing of these motions is set forth on pages one and two of this order.)

At the hearing on these motions, reference was repeatedly made by counsel for both parties to: (1) evidence believed to be in the possession of the opposing party; and (2) persuasive evidence in the party's possession that had not been produced to the opposing party, such as evidence tying defendant to the IP address from which music files were alleged to have been unlawfully downloaded, and evidence regarding the true identify of the user of the screen name "Gotenkito." In light of these references to unproduced evidence, it appears that the parties have engaged in no discovery, except that which is in dispute and has been brought to the court's attention through motions.  Thus, the court reminds the parties that their respective duties to engage in discovery are independent.  Failure of an opposing party to produce requested discovery is not grounds to withhold discovery.  Furthermore, the existence of a dispute in regard to a discrete discovery issue does not suspend the duty to go forward with discovery generally.

Given this action's history of piecemeal discovery, which had been allowed by the court under the mistaken impression that it would provide economies to the parties while furthering the administration of justice, it is somewhat understandable why no discovery has occurred beyond that which the parties have sought court orders to accomplish.  However,  going forward, the parties are to endeavor in good faith to conclude all discovery by March 15, 2007, beginning with meeting the deadlines for serving discovery requests, responses and production set forth on page two of this order.  Towards that end, the parties should make every reasonable effort to timely identify and describe the discovery sought for all issues in their respective cases while observing the limits of discovery described in Rule 26(b)(2) of the Federal Rules of Civil Procedure.

5 - ORDER

Despite repeated attempts to resolve issues surrounding the inspection of defendant's computer hard drive, which has been the subject of several motions and status conferences, as well as the reason this case was otherwise stayed during the past ten months, disputes remain regarding this aspect of discovery.

Plaintiffs cite the order of July 11, 2006, to support their position that neither defendant nor the court is entitled to any information about the inspection beyond that contained in counsel's letter of October 24, 2006, summarizing the results of an unnamed expert's investigation and deeming them inconclusive. While plaintiffs have a point, in so far as the July 11 order provides that "Plaintiffs will timely notify Defendant's counsel of and produce hard copies of any and all files or documents that Plaintiffs may seek to introduce as evidence at trial," that does not mean that is all that plaintiffs are required to produce.

Plaintiffs now inform the court that the expert who performed the inspection was not neutral, but was hired for consultative purposes by plaintiffs, and therefore, his or her work product is protected from discovery. In light of the record as a whole, including the court's other orders on this issue, it was apparent that the court intended the results of the inspection to be useable by the parties and the court. That did not prevent plaintiffs from hiring their own expert; plaintiffs had a right to hire their own expert in addition to—not instead of—the neutral expert. In light of the record as a whole, it was never the court's intent that, at the end of this protracted discovery dispute, which had earlier been represented as potentially dispositive, the results of the inspection would be for the benefit of plaintiffs only. The court regrets any ambiguity caused by the quoted portion of plaintiffs' proposed order, which the court signed on July 11, 2006. The quoted portion of the order, however, was arguably surplusage in so far as plaintiffs would otherwise have been required to

6 - ORDER

produce evidence to be used at trial, either in the course of regular discovery, in support of a dispositive motion, or to comply with this court's standard trial management order. If such evidence is not produced before trial, it is generally excludable.

Based in part on the hope that this case could be resolved in a timely and economical manner, and in part on the typical practice in this district, the court had not entered formal written opinions in response to every discovery dispute and had relied at times on the parties to confer on necessary orders. To the extent these practices have failed to improve the efficiency of this case, they will be abandoned. In light of the record as a whole, including communication between the parties and court during numerous recorded and unrecorded status conferences, the following clarifying order is reasonable in regard to the lingering dispute about the inspection of defendant's computer hard drive:

6)    Within 30 days of the date of this order, plaintiffs will produce an affidavit from the expert who conducted the inspection of the mirror image of defendant's hard drive, the results of which were summarized in plaintiffs' counsel's letter of October 25, 2006, which shall include, or authenticate as attachments: the expert's identity, qualifications, methodology, investigation chronology, notes, records, raw data, and informed opinion and conclusions of the investigation, including, but not limited to, whether the hard drive in the computer was replaced before the computer was produced by defendant and under what circumstances, if any, could another individual have accessed defendant's IP address and downloaded music files without her knowledge or permission.

/ / /

/ / /

7 - ORDER

Nothing in this order precludes plaintiffs from moving to apportion costs of the investigation or from

retaining any testifying or consulting experts to draw their own conclusions from the computer hard

drive inspection.

DATED this 13th day of December, 2006.


                                        /s/Donald C. Ashmanskas
                                        DONALD C. ASHMANSKAS
                                        United States Magistrate Judge

8 - ORDER