IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; PRIORITY RECORDS, LLC, a California limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>        Plaintiffs,<br><br>  v.<br><br>TANYA ANDERSON,<br><br>        Defendant. | CV No. 05-933-AS<br><br>ORDER |

ASHMANSKAS, Magistrate Judge:

      Presently before the court is Plaintiffs' Renewed Motion to Dismiss Counterclaims (docket No. 94). For the reasons that follow, plaintiffs' motion is DENIED.

      Plaintiffs' renewed motion to dismiss defendant's counterclaims lacks the certification required by Local Rule 7.1(a)(1). Moreover, defendant's response indicates that this was not merely an oversight, but that counsel did not, in fact, confer about this motion before it was filed.

1 - ORDER

In this instance, conferring with defense counsel prior to filing the motion would have been particularly efficient, because it would have confirmed that defendant intends to proceed with the counterclaims alleged in her Second Amended Answer, Affirmative Defenses and Counterclaims (hereinafter "SAA"), as opposed to her initial counterclaims, which are the subject of plaintiffs' pending motion.

Plaintiffs did not oppose the filing of defendant's SAA, and the court had previously ordered defendant to file it no later than January 31, 2007 (see docket No. 81). However, the SAA has yet to be filed, except as an attachment to the motion for leave to file it (see docket No. 79). In responding to plaintiffs' motion to dismiss the counterclaims, defendant explained that the SAA was not filed due to an administrative oversight and requested that she now be allowed to file it. Defendant correctly notes that the substance of these counterclaims has been known to plaintiffs and the court since January 27, 2006 (see docket No. 29). To the extent defendant was subsequently required to amend her counterclaims, it was to comply with Local Rule 15.1(c) (see docket No. 78). Under these circumstances, defendant's failure to meet the SAA's filing deadline is excusable and not prejudicial. Consequently, her Response to Plaintiffs' Motion to Dismiss and Request to File Pleading (docket No. 103) will be deemed a motion for an extension of time in which to file the SAA and will be granted. Defendant has until April 2, 2007, to file the SAA.

Because plaintiffs' Renewed Motion to Dismiss addressed the initial, rather than amended, counterclaims, filing of the SAA will render plaintiffs' motion moot. Plaintiffs, however, could have avoided this result had counsel complied with Local Rule 7.1(a)(1). Under these circumstances, as provided by Local Rule 7.1(a)(2), the court finds it appropriate to deny plaintiffs' Renewed Motion to Dismiss Counterclaims for failing to include the certification required by Local Rule 7.1(a)(1).

In sum:

(1) As provided by Local Rule 7.1(a)(2), Plaintiffs' Renewed Motion to Dismiss Counterclaims (No. 94) is DENIED for failure to comply with Local Rule 7.1(a)(1);

(2) Defendant is ordered to file her Second Amended Answer, Affirmative Defenses and Counterclaims no later than April 2, 2007.

DATED this 27th day of March, 2007.

                                       /s/Donald C. Ashmanskas
                                         DONALD C. ASHMANSKAS
                                         United States Magistrate Judge