Lory R. Lybeck
OSB #83276
lrl@lybeckmurphy.com
**Lybeck Murphy, LLP**
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 /phone
206-230-7791 /fax
Attorneys for defendant Tanya Andersen

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON AT PORTLAND

| | |
|---|---|
| Atlantic Recording Corporation, a Delaware corporation; Priority Records, LLC, a California limited liability company; Capitol Records, Inc., a Delaware corporation; UMG Recordings, Inc., a Delaware corporation; and BMG Music, a New York general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>Tanya Andersen,<br><br>Defendant. | No. CV 05-933 AS<br><br>Defendant Tanya Andersen's Motion for Summary Judgment<br><br>**REQUEST FOR ORAL ARGUMENT** |

## I.  PROCEDURE

Defendant Tanya Andersen by and through her attorneys Lybeck Murphy, LLP, respectfully submits this memorandum of law in support of her motion for an order granting summary judgment in her favor and dismissing plaintiffs' claims against her pursuant to Fed. Rule Civ. P. 56.

## II.  INTRODUCTION

Despite invasive and illegal investigation tactics directed at Ms. Andersen and her family,

Defendant Tanya Andersen's Motion for Summary Judgment - 1
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255   Fax 206-230-7791

institution of suit, and extensive and costly discovery, plaintiffs have been unable to produce any evidence proving that Ms. Andersen committed copyright infringement as alleged in plaintiffs' complaint. Plaintiffs' complaint must be dismissed.

### III. STATEMENT OF FACTS

Ms. Andersen relies upon the facts set forth in Defendant's Concise Statement of Material Facts in Support of Motion for Summary Judgment, filed separately as required by Local Rule 56.1(a)(2).

### IV. ISSUES

Have Plaintiffs failed to provide competent evidence sufficient to satisfy summary judgment standards to show that Tanya Andersen committed copyright infringement by downloading or disseminating any of the copyrighted recordings as alleged in plaintiffs' complaint.

### V. EVIDENCE RELIED ON

Ms. Andersen will rely upon the declarations, deposition transcripts and other exhibits cited in this brief and in Defendant's Concise Statement of Material Facts in Support of Motion for Summary Judgment, the relevant pleadings on file in this case, and the discovery previously exchanged.

### VI. ARGUMENT

**A.   Elements of a Copyright Claim**

To prove copyright infringement, a plaintiff must prove two elements: (1) the ownership of a valid copyright, and (2) infringement of one of the copyright holder's exclusive rights under § 106 of the Copyright Act. Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987). In copyright

Defendant Tanya Andersen's Motion for Summary Judgment - 2
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck✜Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255   Fax 206-230-7791

infringement cases, a plaintiff is required to "plead with specificity the acts by which a defendant has committed copyright infringement. [...] The complaint must set out the 'particular infringing acts ... with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8." Marvullo v. Gruner & Jahr, 105 F. Supp.2d 225, 230 (S.D.N.Y. 2000).[1] To state a claim for copyright infringement, plaintiff must allege that the defendant actually engaged in one of the activities reserved for copyright owners. Playboy Ent., Inc. v. Russ Hardenburgh, Inc., 982 F. Supp. 503, 513 (N.D. Ohio 1997).

Thus, to withstand a motion to dismiss, a copyright infringement claim must allege the following elements:

    1.  which specific original work is the subject of the claim,
    2.  that plaintiff owns the copyright in the work,
    3.  that the copyright has been registered in accordance with the statute, and
    4.  by what acts during what time the defendant infringed the copyright.

Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y.1992); see also Marvullo, 105 F. Supp.2d at 230; Brought to Life Music, inc. v. MCA Records, Inc., 2003 WL 296561 at *1 (S.D.N.Y. Feb. 11, 2003) (granting Rule 12(b)(6) motion where plaintiff had not described in the Complaint "by what acts and during what time" the defendant infringed the copyright); Plunkett v. Doyle, 2001 WL 175252 at *4-6 (S.D.N.Y. 2001) (dismissing copyright infringement complaint because it failed to describe "the time period during which infringing acts occurred").

B.  **Summary Judgment Standard**

Summary Judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, the Court finds that there is no genuine issue of material fact

---

[1] See also Lindsay v. R .M.S. Titanic, 52 U.S.P.Q.2d 1609, 1611 (S.D.N.Y.1999); Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y.1992); Franklin Electronic Publishers v. Unisonic Prod. Corp., 763 F. Supp. 1, 4 (S.D.N.Y. 1991); Gee v. CBS, Inc., 471 F. Supp. 600, 643 (E.D.Pa.1979).

Defendant Tanya Andersen's Motion for Summary Judgment - 3
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir. 1989). To defeat a summary judgment motion, a plaintiff must come forward with evidence sufficient to establish the elements of his or her prima facie case for which that party will bear the burden of proof at trial. Celotex Corp v. Catrett, 744 U.S. 317, 322 (1986). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 145.

  C. **Plaintiffs Have No Proof that Tanya Andersen Committed Copyright Infringement**

    1. **No Evidence Exists that Tanya Andersen Engaged in Any Direct, Vicarious or Contributory Infringement Activities.**

Plaintiffs' complaint alleges claims of direct copyright infringement. Ms. Andersen's testimony throughout this litigation established that she has never downloaded any of the copyrighted recordings alleged to have been infringed upon by plaintiffs. Plaintiffs' expert inspected Ms. Andersen's computer but was unable to locate any evidence whatsoever that she had used the computer to commit infringement.

The record company plaintiffs bear the burden of showing actual evidence that Ms. Andersen was the person who engaged in the acts of copyright infringement alleged in the complaint. But plaintiffs have no evidence establishing that any specific person was using the IP address identified by SafeNet or MediaSentry at the time that these agents allegedly traced the IP address. Ms. Andersen's testimony that she did not download any of the copyrighted recordings as alleged by plaintiffs is never rebutted. Plaintiffs' computer expert inspected the hard drive and found no evidence the computer was used for infringing activities. Plaintiffs cannot meet their burden of proof on this fundamental issue and their complaint should be dismissed under Rule 56. It would be offensive and contrary to the rule of law in this

Defendant Tanya Andersen's Motion for Summary Judgment - 4
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

circumstance to allow the plaintiffs to force Ms. Andersen to persist in this litigation.

Remarkably, plaintiffs' chief investigator has admitted in other proceedings that an IP address alone cannot establish the identity of the actual person it believes to be involved in alleged infringement activity.

In 2004, MediaSentry, Inc's president Gary Millin provided deposition testimony in BMG Canada Inc., et al v. Does, Court File No. T-292-04. Based in part on this evidence, on May 19, 2005, the Canadian Federal Court of Appeals affirmed a trial court order in that case denying several record companies' request for an order compelling certain ISP's to disclose the identity of people with whom certain IP addresses had been associated. See 2005 FCA 193.

In his deposition, Millin testified that merely identifying the assigned owner of an IP address cannot necessarily identify who was engaged in the alleged file sharing activities because multiple people can be using a single IP address at once. See Millin Dep., annexed to Defendant's Concise Statement of Material Facts, as "Exhibit D", at 36:7-14; 38:13 to 41:10; 46:4 to 48:8. Millin admitted that MediaSentry cannot rule out the possibility that any IP address it traces may have been utilized by unknown persons accessing the internet through wireless devices. Id., at 42:19-45:15.

There is no competent evidence that Ms. Andersen was the person who allegedly downloaded the songs identified in plaintiffs' complaint from the computer identified by the suspect IP address at the time of the plaintiffs' alleged investigation. Even if one were to ignore her sworn testimony to the contrary, the plaintiffs' complaint against her should be dismissed.

    **2.    Plaintiffs Offer Evidence Solely Based on an Illegal and Unlicensed Alleged Investigation**

The RIAA contracted with MediaSentry to allegedly investigate and spy on individuals

Defendant Tanya Andersen's Motion for Summary Judgment - 5
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck✦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255    Fax 206-230-7791

suspected to be using peer-to-peer networks. See Declaration of Bradley A. Buckles, Esq. filed in UMG Recordings, Inc. et al v. Lindor, 05 CV 1095 (E.D.N.Y.) annexed to Defendant's Concise Statement of Material Facts as Exhibit "G". MediaSentry engaged in negligent and illegal activities and supplied this false information to the RIAA and the plaintiffs. MediaSentry is plaintiffs' agent.

Under Oregon law, any person who performs the functions of a private investigator without having the license as required by ORS 703.405 is guilty of a misdemeanor. ORS 703.993. The statute also subjects unlicensed investigators to civil penalties for such violations. ORS 703.995.

For the purposes of the statute, "Investigator" means a person who engages in the business of obtaining or furnishing information about:

> ...
>
> (b) The identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activities, movements, whereabouts, affiliations, associations, transactions, acts, reputation or character of any person;
>
> (c) The location, disposition or recovery of lost or stolen property;
>
> (d) The cause of or responsibility for fires, libels, losses, accidents, damages or injuries to persons or property; or
>
> (e) Evidence to be used before any court, board, officer, referee, arbitrator or investigation committee.

See ORS 730.401.

Here, MediaSentry and its employees were plainly involved in private investigation activities in performing the alleged "investigation" of the computers in Ms. Andersen's home. MediaSentry has not disputed that it was performing investigations in Oregon without the required license. Under Oregon law, these are criminal acts defined as misdemeanors

Defendant Tanya Andersen's Motion for Summary Judgment - 6
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

punishable by a $2500 fine and up to six months of incarceration, and the plaintiffs should be estopped from presenting evidence that is based on such illicit conduct. Not only do plaintiffs have absolutely no admissible evidence to show any alleged infringement, the fundamental asserted basis for their false claims is MediaSentry's illegal investigation.

### 3. Basic Common Sense and Simple Legal Investigation Establish Erroneous Identification.

In addition to Ms. Andersen's uncontroverted claim of total innocence, the fruitless investigation of her computer by plaintiffs' expert, and the illegality of the investigation performed, there are other considerations that militate strongly in favor of immediate dismissal of the complaint.

The user log produced by plaintiffs and associated with gotenkito@kazaa reflects alleged file sharing activity taking place at 4:20 AM, PST on May 20, 2004. See user log, annexed to Defendant's Concise Statement of Material Facts as "Exhibit C". At that time Ms. Andersen was a single mother living alone with her 7-year old daughter. She was not awake at that hour exchanging files over the internet. Nor was her daughter.

Further, the same user log for gotenkito@kazaa includes a list of audio files with titles such as "shake that ass bitch", "dope nose", "i'd rather fuck you", "ass & titties", "weak ass bitch", "dear penis", "slim anus", "die motherfucker die", "bullet in the head", "fuck y'all hoes", "wanna fuck", "T-Baggin' Skit", "Hoes in My Room", "move bitch", "Bitches Ain't Shit", "bitch shut up", "we suck young blood", "serial killa", "killin' spree", "i stab people", "neck cutta", "i hate niggers", "some niggers never die", "Red Neck Hoe", "nigger fucker", "Let's Get High", "Bitch Niggaz", "A Nigga Witta Gun", "fuck you like an animal", "fuck off", and "fuck the world". Some of the "artists" listed are Three Six Mafia, 50 Cent, N.W.A. and

Defendant Tanya Andersen's Motion for Summary Judgment - 7
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck✥Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1  Marilyn Manson. See id. Ms. Andersen has no interest whatsoever in this sort of misogynistic, crude, racist and violent music. The public was rightfully outraged with recent comments by television and radio personality Don Imus. The words and messages of the songs listed are many magnitudes more outrageous. In fact, plaintiffs' linking Ms. Andersen to this foul product that they distribute and profit from is highly offensive and injurious to her.

Plaintiffs know that Ms. Andersen is not "gotenkito". Plaintiffs know who used the name gotenkito because Ms. Andersen located him for them. Plaintiffs continue their baseless claims only because Ms. Andersen has refused to give up her legal rights and claims against them.

Plaintiffs are highly reluctant to admit any case of mistaken identity in the operation of their misguided enterprise of illegal investigation and driftnet lawsuits. However, in this case plaintiffs' false assertions and claims of infallibility fly in the face of all proffered evidence, common sense, and logic. Their continued pursuit of their false claims has a real human cost for Ms. Andersen and her daughter. This litigation, which is being pursued only to serve plaintiffs' abusive public relations campaign, has been harming Ms. Andersen for over 21 months. It has seriously exacerbated and worsened Ms. Andersen's psychological condition, wasted her time, energy and other resources, and caused her completely unnecessary anguish. See Andersen Dec. annexed to Defendant's Concise Statement of Material Facts as "Exhibit A". This court has the opportunity to bring this to an end upon this motion.

///

///

///

///

Defendant Tanya Andersen's Motion for Summary Judgment - 8
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

## VII. CONCLUSION

Plaintiffs remain unable to present any admissible evidence to prove that Tanya Andersen committed copyright infringement against plaintiffs' sound recordings as alleged in plaintiffs' complaint. As such, Ms. Andersen's motion for summary judgment should be granted, and the complaint against her should be dismissed with prejudice.

Respectfully submitted this 14th day of May, 2007.

LYBECK MURPHY, LLP

By: /s/ Lory R. Lybeck
Lory R. Lybeck (OSB #83276)
Benjamin Justus, Attorney at Law of the State of New Jersey
Attorneys for defendant Tanya Andersen

Defendant Tanya Andersen's Motion for Summary Judgment - 9
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck✤Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

I hereby certify that on the 14th day of May, 2007, I electronically filed the foregoing Defendant Tanya Andersen's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Atty/Plaintiffs:**
Kenneth R. Davis, II
davisk@lanepowell.com
William T. Patton
pattonw@lanepowell.com
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
503-778-2100/phone
503-778-2200/fax

Tim Reynolds, *Admitted Pro Hac Vice*
timothy.reynolds@hro.com
James Ruh, *Admitted Pro Hac Vice*
james.ruh@hro.com
Amy Bauer, *Admitted Pro Hac Vice*
nadia.sarkis@hro.com
HOLME, ROBERTS & OWEN LLP
1700 Lincoln Street, Ste. 4100
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

All parties are registered as CM/ECF participants for electronic notification.

DATED at Mercer Island, Washington, this 14th day of May, 2007.

/s/ Lory R. Lybeck
Lory R. Lybeck (OSB #83276)
Attorneys for defendant
Lybeck Murphy, LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040
(206) 230-4255 /phone
(206) 230-7791 /fax
lrl@lybeckmurphy.com

Defendant Tanya Andersen's Motion for Summary Judgment - 10
Andersen\Pleadings USDC 2007\mtn.sj

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791