UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ATLANTIC RECORDING CORPORATION,                               CV 05-933-AS
a Delaware corporation; PRIORITY
RECORDS LLC, a California Limited Liability
Company; CAPITOL RECORDS, INC., a                          OPINION AND ORDER
Delaware corporation; UMG RECORDINGS,
INC., a Delaware corporation; and BMG
MUSIC, a New York general partnership,

                      Plaintiffs,

        v.

TANYA ANDERSEN,

                      Defendant.
_____

REDDEN, Judge:

        On September 18, 2007, Magistrate Judge Ashmanskas issued his Findings and

Recommendation (doc. 150) that defendant Tanya Andersen's motion (doc. 136) to voluntarily

dismiss her counterclaims without prejudice be granted so that they may be heard as part of

PAGE 1 - OPINION AND ORDER

Andersen v. Atlantic Recording Corp., et al., No. CV 07-934-BR (D. Or.).

The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure.  The district court is not bound by the recommendations of the magistrate judge.  See 28 U.S.C. § 636(b)(1).  When a party timely objects to any portion of the magistrate judge's Findings and Recommendation, the district court must conduct a *de novo* review of the portions of the Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  The district court is not, however,  required to review the factual and legal conclusions of the magistrate judge, to which the parties do not object.  Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Plaintiffs Atlantic Recording Corp. et al. ("Atlantic") timely filed objections to Magistrate Judge Ashmanskas' Findings and Recommendation.  I have, therefore, given those portions of the Findings and Recommendation a *de novo* review.  I agree with Magistrate Judge Ashmanskas' analysis and conclusions.

Atlantic's reliance on Adams v. Cal. Dept. of Health Servs., 487 F.3d 684 (9th Cir. 2007), is misplaced.  In that case, the plaintiff brought an action alleging civil rights violations arising out of an employment dispute.  Id. at 686-87.  After the district court denied plaintiff's motion to amend her complaint as untimely, plaintiff's original claims proceeded to trial and a jury returned a verdict for the defendants.  Id. at 687.  When the plaintiff filed a second action, which asserted some additional claims and additional defendants, the district court dismissed the second case with prejudice because it was duplicative of the first.  Id.  In affirming the district court, the Ninth

PAGE 2 - OPINION AND ORDER

Circuit explained:

> Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." . . . To determine whether a suit is duplicative, we borrow from the test for claim preclusion. As the Supreme Court stated in The Haytian Republic, "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." . . . in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same.

Id. at 688-890 (citations omitted; emphasis added).  In concluding that the district court did not abuse its discretion in dismissing the later-filed action with prejudice, the Ninth Circuit emphasized that the plaintiff had a full and fair opportunity to litigate her claims in the first action. Id. at 693.

Unlike the plaintiff in Adams, however, Andersen has not had a full and fair opportunity to litigate her counterclaims.  As Magistrate Judge Ashmanskas correctly pointed out, Andersen's discovery has been hampered by the extended stay of proceedings in this case and Atlantic's repeated objections to discovery.  Atlantic acknowledges that discovery relating to Andersen's counterclaims is still incomplete.  Moreover, there has been no ruling on the merits of any of Andersen's counterclaims.

Contrary to Atlantic's assertions, Andersen's counterclaims in this case and her Amended Complaint in the class action involve different claims, different parties, and different requested relief.  Though seven of the thirteen claims filed in the new case are substantially similar to the counterclaims in this action, the newly-filed class action raises several claims not present in this case.  The newly-filed action also includes several defendants that are not parties to this action,

and seeks to recover damages on behalf of a nationwide class of similarly situated plaintiffs. In other words, the two actions do not involve the same parties. On this record, I agree with Magistrate Judge Ashmanskas' finding that Andersen's class action, which is pending in this district before the Honorable Anna J. Brown, is not duplicative of her counterclaims in the present case.

Even if I were persuaded by Atlantic's argument that these two actions are duplicative (which I am not), I would grant Andersen's motion to dismiss without prejudice in the interest of judicial economy. It is clear that district courts retain "broad discretion" in administering their dockets and determining whether to dismiss a duplicative action without prejudice. Adams, 487 F.3d at 688. "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it or to consolidate both actions." Adams, 487 F.3d at 688 (emphasis added).

Here, the policies of judicial economy and comprehensive disposition of litigation would be best served by dismissing Andersen's counterclaims in this case without prejudice so that all of her claims may be heard as part of the class action pending before Judge Brown. Though the

parties have briefed Atlantic's motion to dismiss Andersen's counterclaims, the court has not yet

heard oral argument and there has not been any ruling on the merits of those counterclaims.

Even if Atlantic were to prevail on its motion to dismiss, Andersen's newly-filed claims would

survive.  Moreover, the members of the alleged class in the newly-filed action would not be

bound by such a ruling, and would likely be entitled to re-litigate those claims.  In any event,

there would be extensive and unnecessary litigation regarding the preclusive effect of such a

ruling.  Atlantic's position in this case would result in duplicative and piecemeal litigation, and

waste the parties' and the court's resources.  As such, I find that the interests of judicial economy

and comprehensive litigation would be best served by dismissing Andersen's claims without

prejudice so that they may be heard as part of Andersen v. Atlantic recording Corp. et al., No.

CV 07-934-BR (D. Or.).

        Having reviewed the portions of the Findings and Recommendation to which Atlantic

objects, I find no error.  Accordingly, I ADOPT Magistrate Judge Ashmanskas' Findings and

Recommendation.  Defendant's motion (doc. 136) to voluntarily dismiss her counterclaims

without prejudice is GRANTED.

        IT IS SO ORDERED.

        DATED this  14th  day of January, 2008.


                                        /s/ James A. Redden
                                        James A. Redden
                                        Senior United States District Judge


PAGE 5 - OPINION AND ORDER