UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ATLANTIC RECORDING CORPORATION, a Delaware corporation; PRIORITY RECORDS LLC, a California Limited Liability Company; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,

Plaintiffs,

v.

TANYA ANDERSEN,

Defendant.

CV 05-933-AS

OPINION AND ORDER

REDDEN, Judge:

On September 21, 2007, Magistrate Judge Ashmanskas issued Findings and Recommendation (doc. 151) in the above-captioned case, recommending that defendant Tanya

Andersen's motion for attorney fees (doc. 138) be granted.

The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. The district court is not bound by the recommendations of the magistrate judge, and "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). When a party timely objects to any portion of the magistrate judge's Findings and Recommendation, the district court must conduct a *de novo* review of the portions of the Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). The district court is not, however, required to review the factual and legal conclusions of the magistrate judge, to which the parties do not object. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Plaintiffs Atlantic Recording Corp. et al. ("Atlantic") timely filed objections to Magistrate Judge Ashmanskas' Findings and Recommendation. I have, therefore, given those portions of the Findings and Recommendation a *de novo* review. I agree with Magistrate Judge Ashmanskas' analysis and conclusions.

Atlantic's narrow reading of Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598 (2001), ignores subsequent Ninth Circuit case law specifically rejecting the notion that a party must obtain either an "enforceable judgment on the merits" or a "court-ordered consent decree" to be considered a prevailing party. In Buckhannon, the Court held that to be considered a prevailing party, one must have obtained a "material

alteration of the legal relationship of the parties" that is judicially sanctioned, such as a judgment on the merits or a court-ordered consent decree. Id. at 604-05.  It is not enough merely to have been a "catalyst" in causing a voluntary change in the opposing party's conduct.  Id.  Although "[j]udgments and consent decrees are examples" of judicial action sufficient to confer prevailing party status, "they are not the only examples." Watson v. County of Riverside., 300 F.3d 1092, 1096 (9th Cir. 2002); see also Carbonell v. I.N.S., 429 F.3d 894, 898-99 (9th Cir. 2005) ("Although the Supreme Court did mention these two types of relief as illustrative of the 'material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees,' . . . it did so simply by way of offering 'examples' of the forms of judicial action that could render a litigant a prevailing party and, thereby, made it clear that litigants could also qualify for prevailing party status if they achieved other types of relief." (internal citation omitted)).  Applying the standard articulated in Buckhannon, the Ninth Circuit has recognized that litigants who achieve relief other than a judgment on the merits or a consent decree may be prevailing parties.  See e.g., Carbonell, 429 F.3d at 901 (holding "when a court incorporates the terms of a voluntary settlement agreement into an order, that order is stamped with sufficient 'judicial imprimatur' for the litigant to qualify as a prevailing party"); Richard S. v. Dep't of Developmental Servs., 317 F.3d 1080, 1086 (9th Cir. 2003) (litigant prevailed where settlement agreement was incorporated into a court order, filed with the court, and the parties stipulated that the court retained jurisdiction to award attorney's fees); Barios v. Cal. Interscholastic Fed'n., 277 F.3d 1128, 1134 (9th Cir. 2002) ("[A] plaintiff 'prevails' when he or she enters into a legally enforceable settlement agreement against the defendants.").

Here, Magistrate Judge Ashmanskas was correct in concluding that there has been a material alteration of the legal relationship of the parties. Findings and Recommendation, at 5. Atlantic's copyright infringement claims have been dismissed with prejudice, and thus Andersen has received all of the relief available to a copyright defendant. Moreover, this court granted Andersen's motion to dismiss her counterclaims without prejudice, thereby allowing her to raise those claims in the class action pending in this district before the Honorable Anna J. Brown. There can be no serious dispute that the parties' legal relationship has been materially altered.

The alteration of the parties' legal relationship has also been judicially sanctioned, or "stamped" with the "necessary judicial imprimatur" to qualify Andersen as the prevailing party. Carbonell, 429 F.3d at 900. The parties' stipulation of dismissal of all of Atlantic's claims with prejudice was filed with the court, and provides that the court shall retain jurisdiction to award attorney's fees. Magistrate Judge Ashmanskas specifically acknowledged and relied upon the dismissal in his minute order and Findings and Recommendations. This court also acknowledged the stipulation of dismissal. Moreover, this court granted Andersen's motion to dismiss her counterclaims without prejudice. Taken as a whole, the parties' stipulation of dismissal of all of Atlantic's claims with prejudice, the court's retention of jurisdiction to award attorney's fees, and the court's order dismissing Andersen's claims without prejudice provide a sufficient "judicial imprimatur" on the "alteration of the legal relationship of the parties" to justify conferring prevailing party status on Andersen. Cf. Barios, 277 F.3d at 1134 n.5 (The district court's retention of jurisdiction over the attorney's fees issue "provid[ed] sufficient judicial oversight to justify an award of attorneys' fees and costs.").

Atlantic's reliance on Shloss v. Sweeny, 515 F. Supp. 2d 1083 (N.D. Cal. 2007), is misplaced. In that case, plaintiff sought a declaratory judgment that her use of certain of written works in an electronic supplement would not infringe the rights of the defendant copyright holder. Id. at 1084. The parties reached a settlement agreement, in which the defendant agreed not to sue the plaintiff for copyright infringement and the plaintiff agreed to dismiss her claims with prejudice. The copyright holder then moved attorney's fees on the basis of the dismissal with prejudice. The court denied the motion, noting that the "[p]laintiff secured via Settlement Agreement the essence of relief she had sought." Id. at 1085. Awarding attorney's fees in those circumstances "would mean that any party who secures dismissal with prejudice of the claims against them by acquiescing to the opposing party's demands, is actually the prevailing party." Id. at 1086.

In contrast to the copyright holder in Shloss who agreed not to sue the plaintiff, Andersen never acquiesced to any of Atlantic's demands in this case. She has maintained her innocence, obtained a dismissal of Atlantic's claims with prejudice, and successfully moved to dismiss her counterclaims without prejudice, so that they may be heard as part Andersen v. Atlantic Recording Corp. et al., No. CV 07-934-BR. Andersen has not made any concessions in this case. As such, Shloss is inapposite.

Having reviewed Atlantic's objections to the Findings and Recommendation *de novo*, I agree with Magistrate Judge Ashmanskas' recommendation that Andersen be deemed the prevailing party. Furthermore, I agree with his thorough analysis of the Fogerty factors, which guide the district court's determination of whether to award attorney's fees. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). Accordingly, I ADOPT Judge Ashmanskas' Findings

and Recommendation (doc. 151). Andersen's motion (doc. 138) for attorney fees is GRANTED.

IT IS SO ORDERED.

DATED this 16th day of January, 2008.

/s/ James A. Redden
James A. Redden
Senior United States District Judge