Lory R. Lybeck
OSB #83276
lrl@lybeckmurphy.com
**Lybeck Murphy, LLP**
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 /phone
206-230-7791 /fax
Attorneys for defendant Tanya Andersen

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON AT PORTLAND

Atlantic Recording Corporation, a Delaware corporation; Priority Records, LLC, a California limited liability company; Capitol Records, Inc., a Delaware corporation; UMG Recordings, Inc., a Delaware corporation; and BMG Music, a New York general partnership,

    Plaintiffs,

v.

Tanya Andersen,

    Defendant.

No. CV 05-933 AS

Declaration of Lory R. Lybeck in Support of Tanya Andersen's Motion to Fix Amount of Attorney's Fees and Costs

I, Lory R. Lybeck, declare and certify as follows:

1. I represent defendant Tanya Andersen and I have personal knowledge of the facts contained in this declaration.

2. On September 21, 2007, U.S. Magistrate Judge Donald C. Ashmanskas issued Findings and Recommendations which recommended that attorney's fees be awarded in favor of Ms. Andersen. A true and correct copy of Judge Ashmanskas' Findings and Recommendations are attached hereto as Exhibit A.

3. On January 16, 2008, Senior U.S. District Judge Redden adopted Judge Ashmanskas' Findings and Recommendation and granted Ms. Andersen's motion for attorney's fees. A true and correct copy of Judge Redden's Opinion and Order is attached hereto as Exhibit B.

4. I am a partner in the law firm of Lybeck Murphy, LLP, and have been a member in good standing of the Oregon State Bar Association since 1983. I received my law degree from Willamette University School of Law in 1983. I was formerly a partner in Schwabe Williamson & Wyatt; Cable Huston, et al., and Hoffman Hart & Wagner. In 2000 my partner James Murphy and I formed Lybeck Murphy, LLP.

5  James Murphy has been a member in good standing of the Washington State Bar Association since 1988. He is also a member in good standing of the Oregon State Bar Association. He graduated *magna cum laude* from Gonzaga University School of Law in 1988. Prior to entering private practice, Mr. Murphy served a two-year appellate clerkship at the Washington State Court of Appeals. Mr. Murphy worked at Schwabe Williamson & Wyatt as an associate, and later joined the firm Hoffman Hart & Wagner where he became a partner.

6. The defense of Ms. Andersen against the copyright infringement claims of plaintiffs required a significant amount of attorney resources, and several associates assisted and worked under my supervision. The following Lybeck Murphy associates assisted with this matter. Brian C. Armstrong and Brian T. Hodges each graduated with honors from the Seattle University School of Law (then known as University of Puget Sound School of Law). Mr. Armstrong and Mr. Hodges each began practice in 2001 and served clerkships with the Washington State Court of Appeals. Katherine L. Felton graduated with honors from the University of Oregon School of Law and began practicing in 2000. Benjamin R. Justus

graduated from The George Washington University Law School, and began practicing in 2004. Each of these associates has a broad range of civil litigation experience.

7. I have collected and reviewed my firm's time records for the work performed on behalf of Ms. Andersen in defending against the copyright claims brought by plaintiffs.

8. My firm keeps written time records that are created contemporaneously as the work is performed and then entered into a computer software program. Attached to this declaration as Exhibit C is a true and correct copy of my firm's computer time records detailing work performed my firm on this case since September 14, 2005. These records list time spent by attorneys and staff (in tenth of an hour increments) and the specific tasks performed by each person.

9. The computer records of the time spent by lawyers and paralegals working on this case contain detailed explanations of the actual tasks performed on behalf of the clients, and therefore, necessarily contain privileged information. I am producing these time records without waiving the attorney-client or attorney work product privileges.

10. In addition to the time set forth in the attached computer time records, I spent 1.5 hours preparing the motion for fees and costs and supporting documents. My associate Benjamin Justus spent an additional 4 hours in preparing the motion and supporting documents. The following is a summary of the time spent by each timekeeper on this matter since September 14, 2005 as set forth in the time records:

| | |
|---|---|
| Lory R. Lybeck (partner) | 105.7 hours |
| James P. Murphy (partner) | 23.2 hours |
| Brian C. Armstrong (associate) | 10 hours |
| Brian T. Hodges (associate) | 137.2 hours |
| Katherine L. Felton (associate) | 1.1 hours |
| Benjamin R. Justus (associate) | 236.3 hours |

| | |
|---|---|
| R. Lynne Jardine (paralegal) | 3 hours |
| Loren Van DeMortel (paralegal) | 0.2 hours |
| Elizabeth J. Curtis (paralegal) | 19.6 hours |
| Bryan Case (paralegal) | 10.6 hours |
| Total Partner Time: | 128.9 hours |
| Total Associate Time: | 384.6 hours |
| Total Paralegal Time: | 33.4 hours |

11. All of the time spent by myself and other lawyers and paralegals on this case was reasonable and necessary in order to properly defend Ms. Andersen against the claims made by plaintiffs. This case was pending for well over two years before the claims against Ms. Andersen were dismissed with prejudice. As Judge Ashmanskas noted in his Findings and Recommendations, throughout the pendency of this action plaintiffs "unreasonably rejected or sought to suppress evidence to the extent it tended to exonerate defendant" and "exerted a significant amount of control over the course of discovery". See Ex. A, at 11, 13. The discovery included multiple unnecessary depositions, all of which were insisted upon by plaintiffs with the intent to harass and intimidate Ms. Andersen. The case did not end until Ms. Andersen was able to file a motion for summary judgment and plaintiffs abandoned their claims hours before their opposition to the motion was due.

12. The court may use the Oregon State Bar Economic Survey ("the Survey") as an initial benchmark in setting reasonable hourly rates for attorney's fee petitions pursuant to Local Rule 54.3. Higher rates than those provided by the Survey are typically appropriate based on inflation, specialty or other factors so long as the parties address the Survey and provide justification for requested hourly rates.

13. The most recent edition of the Survey is from 2002 and is outdated. The Survey reported an overall average hourly billing rate of $174 per hour. For attorneys who had been admitted to practice for 21-30 years, the overall average rate was $193 per hour. For attorneys who had been admitted to practice for 4-6 years, the overall average rate was $152 per hour.

14. These overall rates reported in the Survey were based on data from attorneys working in all geographic areas of the state, and several practice areas. The Survey also reported further data that were refined for geographic location, practice areas, and experience. For example, even 6 years ago, the average rate for attorneys working in Portland who had been admitted to practice for 21-30 years was $227 per hour; Portland attorneys who had practiced 4-6 years charged an average of $165 per hour.

15. Rates in excess of those provided by the Survey are clearly warranted in this case. According to calculations provided by the Department of Labor's Bureau of Labor Statistics, $1 in 2002 has the same buying power as $1.17 today, reflecting an inflation rate of 17% since 2002. In a recent Opinion and Order from U.S. Magistrate Judge Dennis J. Hubel in response to a motion for an award of fees, he recognized that awardable hourly rates <u>should</u> exceed those rates shown in the Survey to account for inflation. <u>See</u> October 10, 2007 Order of U.S. District Judge U.S. Magistrate Judge Dennis J. Hubel entered in <u>Relion, Inc. v. Hydra Fuel Cell Corp</u>, No. CV-06-607-HU (D. Ore. Oct. 10, 2007).

16. Further, this court has also previously recognized that the Survey "includes hourly rates for attorneys who are part-time due to lack of legal work...result[ing] in an underestimation of the prevailing market rate for skilled full-time attorneys with good reputations." <u>See</u> March 8, 2006 Order of U.S. District Judge Ann Aiken entered in <u>Miranda v. City of Cornelius</u>, No. CV-04-241-AA (D. Ore. March 8, 2006).

17. Also, the Survey does not show hourly rates for attorneys practicing in the area of copyright litigation, a unique and complex area of the law in which practitioners often charge higher hourly rates. For example according to a July 18, 2007 declaration of Richard Gabriel filed in <u>Elektra Entertainment Group v. Santangelo</u>, No. 06-CV-11520 (S.D.N.Y), Mr. Gabriel charged $375 per hour in that case, a very similar copyright matter pending in the Southern District of New York. Another lawyer from Mr. Gabriel's firm charged $345 per hour in the same matter; one paralegal from Mr. Gabriel's firm charged $150 per hour and another charged $140 per hour. Mr. Gabriel and his firm are also counsel for plaintiffs in this matter. A true and correct of Mr. Gabriel's declaration is attached hereto as Exhibit D.

18. In light of the above, I respectfully request that this court enter an award reflecting reasonable hourly rates of $375 for partners, $250 for associates, and $150 for paralegals. As Mr. Gabriel's declaration establishes, these rates reflect the rates that private attorneys of comparable ability and reputation charge their paying clients for legal work of similar complexity to that which was performed by Ms. Andersen's counsel in this matter.

19. Oregon courts have awarded a multiplier under certain circumstances. As discussed in greater detail in the memorandum supporting the motion for fees, the risk involved in pursuing the defense of this difficult and complex matter together with the unreasonable conduct and "bad faith" of plaintiffs in their handling of the case warrant a multiplier of 2 times the stated hourly rates. I respectfully request that this court apply a multiplier of 2.

20. Multiplying the rates by the necessary time incurred as set forth above, together with a multiplier of 2, results in the following total fees:

| | | |
|---|---|---|
| Total Partner Time: | 128.9 hours x $375/hour | x 2 = $96,675.00 |
| Total Associate Time: | 384.6 hours x $250/hour | x 2 = $192,300.00 |

Declaration of Lory R. Lybeck in Support of Tanya Andersen's Motion to Fix Amount of Attorney's Fees and Costs - 6

Lybeck❖Murphy LLP
7525 SE 24th Street. Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

|   |   |   |   |
|---|---|---|---|
| Total Paralegal Time: | 33.4 hours x $150/hour | x 2 = | $10,020.00 |
| TOTAL FEES: | | | $298,995.00 |

21. I accepted representation of Ms. Andersen's case because I concluded that she was being wrongly accused, victimized and harassed. This conclusion was grossly demonstrated in the manner by which the RIAA attacked her throughout this case. I was committed to assisting Ms. Andersen whether or not the court ultimately concluded that an award of fees was appropriate. Partly for this reason, much of my efforts in her defense were not recorded or captured in the fee bills attached. I am committed in my advancing age to service to the bar and public (whether pro bono or not). The fact that the record of my true efforts is incomplete only underscores the need to apply a multiplier and award the fees actually documented by the true billings attached as they truly understate the time and costs actually incurred.

22. I respectfully request that this court enter an order fixing an award of attorney's fees in favor of Ms. Andersen in the amount of $298,995.00.

23. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule 54.1 and U.S.C. 28 § 1920, *et seq.*, I have separately filed a Bill of Costs. Each of the items set forth in the Bill of Costs are correct and have been necessarily incurred in this case. Each of the services for which costs have been charged was actually and necessarily performed. I respectfully request that the court execute the Bill of Costs and tax against plaintiffs the total amount set forth therein.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

1   Dated at Mercer Island, Washington, this 24th day of January, 2008.

By: _____
Lory R. Lybeck (OSB #83276)

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

I hereby certify that on the 24th day of January, 2008, I electronically filed the foregoing Declaration of Lory R. Lybeck in Support of Tanya Andersen's Motion to Fix Amount of Attorney's Fees and Costs with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth R. Davis, II
William T. Patton
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
503-778-2100/phone
503-778-2200/fax
Email: davisk@lanepowell.com/Davis
       pattonw@lanepowell.com /Powell

Timothy Reynolds, *Admitted Pro Hac Vice*
timothy.reynolds@hro.com
Richard Gabriel, *Admitted Pro Hac Vice*
Richard.Gabriel@hro.com
Amy Bauer, *Admitted Pro Hac Vice*
amy.bauer@hro.com
HOLME, ROBERTS & OWEN LLP
1700 Lincoln Street, Ste. 4100
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

All parties are registered as CM/ECF participants for electronic notification.

DATED at Mercer Island, Washington, this 24th day of January, 2008.

By: __/s/ Benjamin R. Justus____
Lory R. Lybeck (OSB #83276)
Benjamin R. Justus, admitted *pro hac vice*
Attorneys for defendant
Lybeck Murphy, LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040
(206) 230-4255 /phone
(206) 230-7791 /fax
lrl@lybeckmurphy.com