**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**William T. Patton**, OSB No. 97364
pattonw@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Richard L. Gabriel**, *Admitted Pro Hac Vice*
richard.gabriel@hro.com
**HOLME ROBERTS & OWEN LLP**
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Attorneys for Plaintiffs Atlantic Recording Corporation, Priority Records LLC,
Capitol Records, Inc., UMG Recordings, Inc. and BMG Music

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **ATLANTIC RECORDING CORPORATION, a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,** | Case No. 3:05-CV-933-AS<br><br>Plaintiffs'<br>**BRIEF REGARDING THE REASONABLE ATTORNEYS' FEES TO BE AWARDED TO DEFENDANT**<br><br>Pursuant to LR 54.3 |
| Plaintiffs, | |
| v. | |
| **TANYA ANDERSEN,** | |
| Defendant. | |

Plaintiffs Atlantic Recording Corp., Priority Records, LLC, Capitol Records, Inc., UMG

Recordings, Inc., and BMG Music (collectively "Plaintiffs"), through their undersigned counsel,

respectfully submit this brief regarding the reasonable fees to be awarded to Defendant. For the

reasons more fully set forth below and in the declaration of Plaintiffs' expert, David B.

PAGE 1 -     PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
             FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707510.0010/695475.1

Markowitz, Esq., submitted herewith, the fees sought by Defendant are excessive, and, if any fees are to be awarded, should be reduced dramatically.[1]

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

In her fee application, Defendant seeks an award of over $300,000 in fees and costs for defending a single claim of copyright infringement that never proceeded beyond initial pleadings and limited discovery.[2]  The petition seeks fees for over 540 hours of work performed by six lawyers and four paralegals, well more than half of which time was spent on matters unrelated to the defense of Plaintiffs' straightforward copyright infringement claim.  The petition includes 144.2 hours spent on counterclaims that she re-pled three times then voluntarily dismissed, 107.6 hours for litigating her fees claim, and even time spent talking to the media.   Apart from piling on the hours spent defending the matter, the petition seeks to have the fees doubled, but provides no legal or factual basis for doing so.

Not surprisingly, Defendant's inflated claims are unsupported by any appropriate evidence.  Instead, they are supported solely by the self-serving and conclusory declaration of Defendant's counsel.   Contrary to this Court's February 5, 2008, Order (Doc. No. 172), Defendant has refused to provide Plaintiffs (and has not provided the Court) with her actual fee agreement or with *any* contemporaneous billing records.[3]  Nor has Defendant submitted a third-party declaration or report regarding the reasonableness of the time spent or the requested hourly rates.  Rather, relying solely on arguments of counsel, Defendant has put an unjustifiably high number before this Court, apparently in the hope that, even if the Court greatly discounts the fees sought, Defendant would still realize a substantial windfall.  This Court should reject that effort.

---

[1] In submitting this brief, Plaintiffs do not waive any of their rights regarding this Court's prior determination that Defendant is entitled to fees in this case.

[2] Plaintiffs are filing their response to Defendant's Bill of Costs (Doc. No. 162) contemporaneously herewith.

[3] Plaintiffs have raised this issue with the Court and reserve all of their rights in this regard.

PAGE 2 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
            FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707510.0010/695475.1

In contrast to Defendant's lack of evidence stands Mr. Markowitz's opinion, which is the only proper evidence as to the applicable rates and time spent before this Court. Because Defendant failed to carry her burden of presenting proper evidence to this Court, the Court would be well within its purview to reject Defendant's petition completely. Should the Court award fees, however, for the reasons set forth below, such fees should be no more than $30,099.20.

## II.  FACTUAL BACKGROUND

On January 25, 2008, Defendant filed the fee application at issue. (Doc. No. 161 at 5.) On February 5, 2008, this Court ordered Defendant to provide Plaintiffs with her complete, contemporaneous billing records and fee agreement. (Doc. No. 172.) As set forth in Plaintiffs' February 21, 2008, letter to the Court, Defendant failed to do so, and continues to refuse to do so. Thus, Defendant's application rests not on any actual fees that Defendant was obligated to pay or on any contemporaneous billing records, but rather solely on the self-serving declaration of her counsel and on admittedly after-created billing records. Relying on these thin reeds, Defendant asks this Court to award her fees and costs in excess of $300,000.

Defendant arrives at this exaggerated number by taking a kitchen sink approach to her fee application. It is clear that Defendant made no effort to limit the petition to compensable tasks, to eliminate duplication, or even to justify the rates sought or the multiplier included. The height of Defendant's lack of billing judgment is the request to be compensated for time spent giving media interviews.

Defendant's lack of billing judgment results in a total of 546.90 hours for which Defendant seeks an award of fees, over 25 percent of which was spent pursuing counterclaims that she voluntarily dismissed, and nearly 20 percent of which was spent pursuing fees. (*Id.* at ¶¶ 16, 19.) Defendant's billing records also contain numerous examples of vague and ambiguous time entries, as well as substantial billing for administrative and clerical work, for travel to this District, and for duplication of effort, all resulting in an inflated starting number regarding hours billed. (*See id.* ¶¶ 10-12, 14.)

PAGE 3 -     PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707510.0010/695475.1

To compound this already inflated starting number, Defendant, who has steadfastly refused to disclose her counsels' regular hourly rates, ignores this Court's practice of determining appropriate hourly rates in reference to the Oregon State Bar Economic Survey and rates charged by attorneys in the region of similar skill and experience. This results in further magnification of Defendant's requested amount. Lastly, with virtually no factual or legal analysis, Defendant contends that the already inflated sum sought should be doubled.

In contrast, Plaintiffs submit Mr. Markowitz's declaration. Mr. Markowitz, whose experience and credentials are unimpeachable, has carefully scrutinized Defendant's counsel's billing records and reviewed the accompanying documents, case pleadings, and the rates generally awarded by this Court to counsel in fee petitions. On the basis of his in-depth analysis, which is more fully discussed below, Mr. Markowitz concludes that the fees sought by Defendant are excessive in numerous respects and should be disallowed or substantially reduced. (*See id.* at ¶¶ 6-14, 16, 19, 21.) Specifically, as set forth in detail below, Mr. Markowitz divides defense counsels' billing entries into thirteen categories, six of which are comprised of fees that should be entirely disallowed, and the seventh of which reflects fees that should be substantially reduced. (*See id.*) Mr. Markowitz concludes that 229.76 hours are properly compensable. (*Id.* at ¶ 19.) Mr. Markowitz also concludes that the hourly rates for each of the time keepers working on Defendant's behalf should be reduced to comport with the prevailing market rates for attorneys of similar experience, skill, and reputation. Lastly, Mr. Markowitz notes that this matter does not present exceptional circumstances such that the application of a multiplier as suggested by Defendant is warranted or appropriate. (*Id.* at ¶ 21.) Based on his analysis, Mr. Markowitz concludes that, should this Court award fees, those fees should be limited to $30,099.20. (*Id.* at ¶ 20)

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100
707510.0010/695475.1

III. <u>ARGUMENT</u>

**A.    Standards Governing Fee Applications.**

An analysis of fee awards under the Copyright Act begins with the notion that an award of fees under the Act belongs to the party and not to her counsel. *See* 17 U.S.C. § 505 ("...the court may also award a reasonable attorney's fee to the prevailing *party*...") (emphasis added); *see also Crescent Publ'g Group, Inc. v. Playboy Enter., Inc.*, 246 F.3d 142, 150 (2d Cir. 2001). In this way, fees to be awarded under the Copyright Act are distinguishable from awards under fee-shifting statutes such as 42 U.S.C. § 1988, where fees are awarded to the attorneys to incentivize lawyers to accept representation in such cases. *Compare Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 1:98-cv-7128, 2004 U.S. Dist. LEXIS 1428, at *15 (S.D.N.Y. Feb. 3, 2004) (award of fees under § 1988), *with Crescent*, 246 F.3d at 151 (discussing fee awards under the Copyright Act). Thus, in copyright cases, courts must be wary of efforts by counsel to obtain fee awards beyond that which the party seeking fees had an obligation to pay. *See Crescent*, 246 F.3d at 151; *Video-Cinema Films, Inc.*, 2004 U.S. Dist. LEXIS 1428, at *14. Here, defense counsel was allegedly retained on contingency, but Plaintiffs do not know the terms of this contingency because Defendant has not produced a complete copy of her retainer letter.

Where fees are properly awarded to a party under the Copyright Act, courts follow the same process that is followed in cases under other fee-shifting statutes. *See Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003). Specifically, the United States Supreme Court has held that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates" that will be used to determine the lodestar amount. *Hensley v. Eckerhard*, 461 U.S. 424, 437 (1983); *see also D'Emanuele v. Montgomery Ward & Co.*, Inc., 904 F.2d 1379, 1383 (9th Cir. 1990) (adopting *Hensley* lodestar approach for assessing amount of fees when an award is made pursuant to a statute). The lodestar amount is achieved by first multiplying the number of hours reasonably expended on the

PAGE 5 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100
707510.0010/695475.1

litigation by a reasonable hourly rate. *D'Emanuele*, 904 F.2d at 1383. Then "[a] district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).

In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), the Ninth Circuit held that, in determining the reasonableness of a fee application, the district court must consider the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). These factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[4] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See Kerr*, 526 F.2d at 70. Most of these factors are "subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986), *reh'g denied, opinion amended in part*, 808 F.2d 1373 (9th Cir. 1987) (citing *Hensley*, 461 U.S. at 434 n. 9). Thus, particular justification is required for the Court to find "exceptional circumstance[s]" warranting adjustment of the lodestar. *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

---

[4] Since *Kerr*, the Ninth Circuit has held that this factor is no longer to be considered. *See, e.g., Cann v. Carpenters' Pension Trust Fund*, 989 F.2d 313, 318 (9th Cir. 1993).

PAGE 6 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
          FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100

707510.0010/695475.1

**B.      Defendant has Failed to Establish Entitlement to an Award of Fees.**

A fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of the hours worked. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing *Hensley*, 461 U.S. at 433); *Cunningham v. County of Los Angeles*, 879 F2d 481, 487 (9th Cir 1988), *cert. denied*, 493 U.S. 1035 (1990); *Settlegoode v. Portland Pub. Sch.*, 2005 U.S. Dist. LEXIS 44042 (D. Or. 2005). Specifically, a fee applicant must prove by a preponderance of the evidence that the hours expended on the litigation were reasonable and must submit detailed time records. *Chalmers*, 796 F.2d at 1210. Further, the fee-applicant must produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are consistent with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). Finally, as set forth above, courts generally should not award fees beyond those that the fee applicant was obligated to pay. *See Crescent*, 246 F.3d at 151; *Video-Cinema Films, Inc.,* 2004 U.S. Dist. LEXIS 1428, at *14. Where the fee applicant's submission is either "manifestly inadequate" under the foregoing standards, or grossly exaggerated, a court may properly deny the petition outright. *Southerland v. International Longshoremen's & Warehousemen's Union,* 845 F.2d 796, 801-02 (9th Cir. 1987); *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983); *Jordan v. United States Dep't of Justice*, 691 F.2d 514, 518 (D.C. Cir. 1982); *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980) ("If, as [the fee-applicant] argues, the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.").

Here, Defendant has not sustained her burden of establishing that the hours allegedly expended were reasonable. Nor has Defendant provided evidence in addition to her counsel's own declaration to justify the rates sought. Finally, Defendant has not shown that Defendant had

PAGE 7 -      PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100
707510.0010/695475.1

an obligation to pay *any* of the amounts sought.  Indeed, Defendant has refused to provide her actual fee agreement or contemporaneous billing records.  As such, based on the settled law noted above, this Court would be well within its purview to deny Defendant's petition outright.

C.    **Should This Court Award Fees, the Number of Hours Included in Defendant's Fee Application is Not Reasonable and Should Be Significantly Reduced.**

As noted above, the fee applicant bears the burden of showing that the hours for which fees are being sought were reasonable and properly expended.  *See supra* at 7.  Thus, courts must scrutinize fee requests to ensure that time expended on work deemed "excessive, redundant, or otherwise unnecessary" was properly excluded.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433-34).

Here, should this Court award fees at all, Defendant's lack of appropriate evidence is in stark contrast to Plaintiffs' evidence, including Mr. Markowitz's declaration.  Based upon Mr. Markowitz's analysis, which is the only appropriate evidence before the Court, Plaintiffs respectfully submit that, should fees be awarded, a significant number of the hours for which Defendant is seeking a fees award should be excluded in whole or in part.

1.    **Defendant's Fee Application Includes Six Categories of Time Entries That Are Entirely Non-Compensable.**

Defendant's fee application contains many requests for time that is not properly compensable.  This non-compensable time can be organized into six categories: (a) time spent pursuing counterclaims on which she did not prevail and dismissed, (b) billing entries not sufficiently detailed to show the reasonableness of time spent, (c) hours claimed for administrative tasks, (d) time reflecting unnecessary duplication of effort, (e) time spent on tasks unrelated to the defense of Plaintiffs' copyright infringement claim, and (f) travel time incurred by Defendant's out-of-district counsel.  (*See Markowitz Decl.* at ¶¶ 9-14, 16.)

PAGE 8 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS' FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100

707510.0010/695475.1

a.      **Time spent pursuing counterclaims that Defendant voluntarily dismissed to pursue elsewhere are not compensable.**

"[A] party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any related claims." *Entertainment Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1230 (9th Cir. 1997) (quoting *Hensley*, 461 U.S. at 434-35). It is the fee applicant's burden to prove that the fees claimed are related to the relief requested and reasonably necessary to achieve the results obtained. *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993). Hours spent on claims that are distinct enough that they "cannot be deemed to have been expended in pursuit of the ultimate result achieved" are not compensable. *See Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 901 (9th Cir. 1995) (quoting *Hensley*, 461 U.S. at 435).

Defendant here seeks an award of fees for 144.2 hours spent pursuing Defendant's counterclaims against Plaintiffs. (*Markowitz Decl.* at ¶ 16.) Fees for the time incurred on these counterclaims are not recoverable here. First, these counterclaims are separable from Defendant's defense against Plaintiffs' copyright claims. (*Id.*) As explained in Mr. Markowitz's declaration, the counterclaims asserted by Defendant were independent of Plaintiffs' copyright claim because their success or failure was not tied to the defense of Plaintiffs' claim. (*Id.*) Second, Defendant re-pled her counterclaims three times, with Plaintiffs moving to dismiss each time, before Defendant voluntarily dismissed those counterclaims (over Plaintiffs' objections and notwithstanding Plaintiffs' efforts to have those claims determined in this case), in order to pursue them in a separate action. *See Andersen v. Atlantic Recording Corp. et al.*, No. CV 07-934 BR ("*Andersen II*").[5] As such, Defendant did not prevail with respect to her counterclaims, and she is not entitled to a fee recovery on them. Indeed, given the foregoing facts, if anyone is

---

[5] Notably, the Court in *Andersen II* dismissed all thirteen of Defendant's claims, most of which were counterclaims here, although without prejudice. *See Andersen II*, No. CV 07-934 BR at Doc. No. 48.

PAGE 9 -      PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS' FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707510.0010/695475.1

entitled to fees regarding Defendant's counterclaims, it is Plaintiffs. In any event, having sought and obtained leave to pursue her counterclaims elsewhere, Defendant must pursue her remedies, including any fee award relating to such claims, elsewhere.

Based on the foregoing, the 144.2 hours spent pursuing Defendant's counterclaims, which accounted for nearly one-quarter (26.37 percent) of the total time submitted by Defendant's counsel, are not compensable and should be excluded. (*Markowitz Decl.* at ¶ 16.)

> **b.      Billing entries not sufficiently detailed to determine the reasonableness of time spent are properly excluded from Defendant's fee application.**

As the fee applicant, Defendant "bears the burden of documenting the appropriate hours expended in the litigation and ***must*** submit evidence in support of those hours worked." *Deukmejian*, 987 F.2d at 1397 (emphasis added). "The applicant should . . . maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995) (quoting *Hensley*, 461 U.S. at 437). "A court may discount requested attorney hours if the attorney fails to keep meticulous, contemporaneous time records." *Settlegoode*, 2005 U.S. Dist. LEXIS 44042 at *17 (internal quotations omitted). In fact, where, as here, records are not properly kept, a court can choose to award no fees at all. *Id.*

In the present case, Defendant has submitted no evidence beyond the declaration of her lead counsel and no contemporaneous billing records in support of her claim that over 540 hours were reasonably expended in defense of Plaintiffs' simple copyright infringement claim. Rather, counsel has submitted admittedly after-created "billing records" because they had apparently not previously prepared any bills. To the extent that such after-created records are properly considered at all, s*ee Settlegoode*, 2005 U.S. Dist. LEXIS 44042 at *17, in numerous respects, these records are neither sufficiently detailed nor particular enough to determine with any certainty whether the hours billed were reasonable or related to the defense of Plaintiffs' claim. (*See Markowitz Decl.* at ¶ 10.) Specifically, as described in Mr. Markowitz's declaration, of the 546.9 total hours for which Defendant seeks fees, the billing entries for 60.3 of those hours are so

PAGE 10 -      PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
                        FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707510.0010/695475.1

vague that a reasonable fee cannot be determined without resorting to speculation.  (*Id.*)  Thus, time reflected by those entries is not properly compensable.

**c.    Hours billed for administrative tasks are not compensable.**

It is well-settled that costs arising from the performance of administrative or secretarial tasks are considered overhead expenses reflected in the hourly billing rate and are not properly reimbursable in a fee award.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them."); *see also Frevach v. Multnomah County*, 2001 U.S. Dist. LEXIS 22255 at *37 (D. Or. 2001) (deducting secretarial or clerical-like tasks, regardless of who billed them).

Here, as set forth in Mr. Markowitz's declaration, Defendant is seeking to recover for 25.5 hours of paralegal time spent performing administrative tasks.  (*Markowitz Decl.* at ¶ 11.)  For the reasons set forth above, these items are not properly compensable.  (*Id.*)

**d.    Time that reflects unnecessary duplication of effort is not compensable.**

As the Supreme Court has made clear, in determining a reasonable number of hours for which fees may be awarded, courts must exclude fees for duplicative work:

> Counsel for the prevailing party shall make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private sector, "billing judgment" is an important component in fee setting.  It is no less important here.  "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."

*Hensley*, 461 US at 434 (citation omitted).  In accordance with this mandate, this Court has recognized that "[i]t is unreasonable to require the losing party to pay for any unnecessary duplication of effort between two or three lawyers representing the prevailing party." *Settlegoode*, 2005 U.S. Dist. LEXIS 44042 at *20-21.  Thus, this Court has reduced a fee award where multiple attorneys billed time on a "relatively straightforward copyright infringement case

PAGE 11 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
                        FEES TO BE AWARDED TO DEFENDANT

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100

707510.0010/695475.1

that did not involve complicated facts or novel legal issues." *Olson v. Tenney*, 2007 U.S. Dist. LEXIS 15478 at *16 (D. Or. 2007) (excluding fees for duplication of effort to bring fees "in line with an amount reasonable for an uncomplicated copyright infringement action").

In the present matter, two partners, four associates, and four paralegals billed time that Defendant now seeks in this straightforward copyright action in which Defendant's defense was the simplest possible defense, namely, that she did not do it. (Doc. No. 160 at ¶10.)  It is clear from reviewing the billing records submitted by Defendant's counsel that counsel made no real effort to account for duplication.  As set forth in Mr. Markowitz's declaration, unnecessary duplication accounted for a total of 19.6 hours. (*Markowitz Decl.* at ¶ 12.)  Such duplicative effort is not properly compensable.

     e.    **Defendant cannot recover fees for time spent on tasks unrelated to the defense of Plaintiffs' copyright infringement claim.**

As stated previously, "billing judgment" is an important component in fee setting.  *See Hensley*, 461 U.S. at 434.  Good billing judgment counsels against billing for activities that are not directly linked to the actual litigation of the merits of this case.  *See Settlegood*, 2005 U.S. Dist. LEXIS 44042 at *24 (holding that billings for tasks that are unrelated to the claims in a lawsuit are not recoverable).  In particular, the Ninth Circuit has made clear that awarding fees for media contact constitutes an abuse of discretion, because media contact is generally done at counsel's own expense.  *See Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995)

Defendant in this case seeks fees for 3.4 hours of time spent on matters wholly unrelated to litigation of the merits of the case, such as time spent preparing for and participating in media interviews.  ((*Markowitz Decl.* at ¶ 13.) *See* Doc. No. 160 at Ex. C.)  For the reasons set forth above and as stated by Mr. Markowitz, time spent on such activities is not properly included in an application for attorneys' fees. (*Id.*)

PAGE 12 -  PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS' FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707510.0010/695475.1

f.    **Travel time incurred by Defendant's out-of-district counsel is not compensable.**

Courts in the Ninth Circuit have held that travel time for out-of-district counsel should only be awarded if "local counsel was unavailable, either because they were unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case."  *See Deukmejian,* 987 F.2d at 1405; *Fantasy, Inc. v. Fogerty,* 1995 U.S. Dist. LEXIS 6197 at *19 (N.D. Cal. 1995).

Defendant in this case chose to hire counsel with offices in Washington State and has not provided the Court with any information as to why out-of-district counsel was necessary in this matter.  (*Markowitz. Decl.* at ¶ 14.)  Moreover, as more fully set forth below, counsel for Defendant does not possess any particular expertise with regard to copyright matters.  Nor does Defendant offer any evidence to support a finding that none of the many qualified attorneys in the District of Oregon were willing to take her case. (*See* Doc. Nos. 160, 161.)  Accordingly, the 12 hours billed by counsel for traveling to this District are not properly compensable.

For all of these reasons, a total of 265 hours for which Defendant seeks an award of fees are entirely non-compensable and, therefore, should be excluded from calculation of the lodestar amount. (*See Markowitz Decl.* at ¶ 17.)

2.    **The Time Spent Pursuing an Award of Attorney's Fees Should Be Reduced.**

As noted above, of the 546.9 hours for which Defendant is seeking fees, nearly half (265 hours) are entirely non-compensable.  (*Markowitz Decl.* at ¶ 17.)  Nonetheless, Defendant is seeking fees for 107.6 hours spent in seeking an award of fees in this case, where only 174.30 hours were properly expended in the first place.  (*Id.* at ¶¶ 18-19)  On its face, the expenditure of so much time is excessive.  (*Id.* at ¶ 19.)

For the reasons for more fully set forth in Mr. Markowitz's declaration, because the total number of hours for which fees are being sought should be reduced by 48.45%, the number of hours sought in pursuit of an award of fees should be reduced by the same percent.  (*Id.* at ¶ 19.)

PAGE 13 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
FEES TO BE AWARDED TO DEFENDANT

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707510.0010/695475.1

Thus, the number of hours properly expended by Defendant's counsel in pursuit of a fee award should be reduced to 55.46 hours. (*Id.*)

**D.    The Hourly Rates Sought by Defendant Are Unreasonably High and Should Be Reduced to Comport With the Record and Applicable Case Law.**

Courts determine a reasonable hourly rate by looking to the prevailing market rates in the market in which the work was performed. *See Welch*, 480 F.3d at 946; *Deukmejian*, 987 F.2d at 1405; *see also Dunn & Fenley, LLC v. Allen,* 2007 U.S. Dist. LEXIS 75292 at*13 (D. Or. 2007). These rates are established by determining what an attorney of comparable skill, experience, and reputation could command in the relevant community. *Settlegoode*, 2005 U.S. Dist. LEXIS 44042, *5-6 (citing *Blum*, 465 U.S. at 895 n. 11). To meet this burden of proof, the fee applicant must set forth "satisfactory evidence—***in addition to the attorney's own affidavits***"—that the requested rates are in fact prevailing market rates. *Id.* (emphasis added).

Here, Defendant requests that Mr. Lybeck and his partner, James P. Murphy, be compensated at an hourly rate of $375, that associates be compensated at an hourly rate of $200, and that paralegals be compensated at a rate of $100 per hour. (Doc. No. 161 at 4.) In support of this request, defense counsel submit no evidence of what their rates traditionally are or what the prevailing market rate is for attorneys practicing in the District of Oregon. A survey of fee awards over the last two years in this District, however, indicates that the hourly rates sought by Defendant are far in excess of those awarded to attorneys in the relevant community of comparable and/or superior levels of skill and experience. (*See Markowitz Decl.* at ¶¶ 6-8 and Ex. 2.)

As discussed in Mr. Markowitz's declaration, fees awarded to partners of the same or greater level of experience as Mr. Lybeck and his partner James P. Murphy are consistently in the range of $250-300 per hour. (*Id.* at ¶6.) Moreover, in 2006, this Court awarded Mr. Lybeck and Mr. Murphy fees at an hourly rate of $275 for time spent representing the plaintiffs, where "they [were] not highly experienced in cases of [the present] nature." *MW Builders, Inc. v.*

PAGE 14 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100
707510.0010/695475.1

*Safeco Insurance Company of America,* No. 02-1578-AS, slip op. at 12 (D. Or. Feb. 14, 2006) (attached as Ex. A).  Based on hourly rates awarded by courts in this District to attorneys of experience and talent comparable to Messrs. Lybeck and Murphy, this Court's 2006 award, the lack of apparent expertise in copyright law of any of Defendant's counsel, and inflation, Mr. Markowitz concludes and Plaintiffs submit that an hourly rate of $285 for partners is appropriate. (*Markowitz Decl.* at ¶ 6.)

With regard to the hourly rate properly assigned to associates, Defendant again submits no evidence suggesting that an hourly rate of $250 is appropriate for associates practicing in this District.  In the *MW Builders* matter, this Court awarded fees for associates at the rate of $150 per hour.  *MW Builders,* No. 02-1578-AS, slip op. at 12-13.  Again, based on a review of prevailing market rates for associates of similar experience and skill as those working on behalf of Defendant, and making a slight adjustment for inflation, Mr. Markowitz opines that $175 per hour is the appropriate rate. (*Markowitz Decl.* at ¶ 7.)

With regard to the reasonable rate for work performed by paralegals, again, Defendant offers nothing more to justify her request for an hourly rate of $150.  Indeed, in his declaration, Mr. Lybeck does not identify the experience or skill level of any of the four paralegals who billed time in this matter. (*See* Doc. No. 160; *see also Markowitz Decl.* at ¶ 8.)  Based on this omission alone, the Court could decline to award fees requested for time billed by any of the paralegals.  *See Olson,* 2007 U.S. Dist. LEXIS 15478 at *11-12 (declining to award fees requested for attorneys and paralegals whose experience and skill levels had not been identified). Should the Court choose to award fees for such paralegal time, however, Plaintiffs again direct the Court to the award in *MW Builders*, in which paralegals were assigned an hourly rate of $95. *MW Builders,* No. 02-1578-AS, slip op. at 12-13.  In light of this award and prevailing market rates as observed by Mr. Markowitz, Plaintiffs submit that $100 per hour is the appropriate rate for the paralegals working on Defendant's behalf in this case. (*Markowitz Decl.* at ¶ 8.)

PAGE 15 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100
707510.0010/695475.1

Finally, this Court has made it clear that it will use the most recent Oregon State Bar Economic Survey ("Economic Survey") published in 2002 as their initial benchmark in determining reasonable hourly rates. *See Message From the Court Regarding Attorney Fee Petitions,* attached as Ex. B; *see also Dunn*, 2007 U.S. Dist. LEXIS 75292 at *14 (referencing the survey in setting hourly rates in a copyright infringement matter); *Olson v. Tenney*, 2007 U.S. Dist. LEXIS 15478 at *10-12 (D. Or. 2007) (same). Plaintiffs submit that the appropriate hourly rates as suggested by Mr. Markowitz are in line with the Economic Survey, as reasonably adjusted for inflation. With regard to attorneys with 21-30 years of experience practicing in the Portland metropolitan area, the median hourly billing rate in 2002 was $225. The median hourly rate for associates with 4-6 years of experience was $158. The hourly rates proposed by Plaintiffs of $285 and $175 per hour reflect an adjustment for inflation in excess of the 3 percent per annum that has been applied by this Court. *See Olson*, 2007 U.S. Dist. LEXIS 15478 at *10-12 (finding no justification for awarding an hourly rate greater than the benchmark set by the Economic Survey adjusted for inflation by adding an annual 3-percent inflation factor in a matter involving "relatively straightforward copyright-infringement claims even though they were somewhat time-consuming to defend.").

In light of the foregoing, the appropriate rates to set for the lodestar analysis for partners, associates, and paralegals are $285, $175 and $100, respectively.

**E.    This Case Does Not Present "Exceptional Circumstances" Sufficient to Justify the Application of a Multiplier.**

As noted above, the initial lodestar amount as determined by the court subsumes consideration of each of the *Kerr* factors and establishes the presumptively reasonable amount of fees to be awarded. *See Blum*, 465 U.S. at 897. Thus, the novelty and complexity of the issues, the special skill and experience required, the quality of representation, and the results obtained may not serve as independent bases for adjusting the lodestar, because those factors are already deemed to have been factored into the lodestar. *See Blum*, 465 U.S. at 898-901; *see also*

PAGE 16 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
            FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707510.0010/695475.1

*Jordan v. Multnomah County*, 815 F.2d 1258, 1262 n.6 (9th Cir. 1987).    Nor is it proper to enhance a fee award because a case was taken on a contingent basis.  *See Settlegoode*, 2005 U.S. Dist. LEXIS 44042 at *5 (citing *City of Burlington v. Dague*, 505 U.S. 557, 566 (1992)).  The fact is that "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the [district] court[] that the lodestar amount is unreasonably low or unreasonably high." *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 8 (9th Cir. 1996), *opinion amended in part on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997).  The party seeking fees bears the burden of justifying an upward departure from the lodestar. *See Blum*, 465 U.S. at 898.

Defendant in this case requests that the Court apply a multiplier of two, citing, in a conclusory manner, "substantial risks of pursuing this case, the significant time, money and resources spent by Ms. Andersen's attorneys and the novelty and complexity of the issues in this case" as grounds for her request.  (Doc. No. 161 at 4-5.)  In *MW Builders*, Defendant's counsel—acting on behalf of the plaintiffs there—requested a multiplier of 1.5, citing essentially the same grounds.  *See MW Builders*, No. 02-1578-AS, slip op. at 13.  Moreover, here, as in *MW Builders*, counsel cites *Skou v. Pacific Int'l Pipe Enterprises, Inc.*, 2000 U.S. Dist. LEXIS 8176 (D. Or. 2000),  *Griffin v. Tri-County Metro. Transp. Dist. of Or.*, 831 P.2d 42 (Or. 1992), and *Mangold v. Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) for the proposition that "Oregon courts routinely award a multiplier on an attorney fee award for high risk, successful claims such as this."  (Doc. No. 161 at 5; *Plaintiffs' Memorandum of Law In Support of Motion to Fix Attorneys' Fees and Interest*, filed in *MW Builders*, attached as Ex. C.)  Defendant is incorrect.

In *MW Builders*, this Court was not persuaded by the cases cited or arguments made by current defense counsel, and rejected counsel's request for a multiplier.  *See MW Builders*, No. 02-1578-AS, slip op. at 13.)  These cases, and counsel's conclusory arguments, are equally unavailing here.  The first case relied upon by Defendant, *Skou*, was a "difficult" age discrimination case that involved a jury trial and an appeal requiring the presentation of "detailed

PAGE 17 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100
707510.0010/695475.1

facts." Conversely, this matter, which did not proceed to trial, involves a single, straightforward claim of copyright infringement, and an equally simple defense of "I didn't do it." *Skou*, 2000 U.S. Dist. LEXIS at *5.  In *Griffin*, an HIV discrimination case tried before a jury, the court applied a multiplier to a fee award on the grounds that the case presented numerous complex legal issues and undisputed evidence that there are "only a limited number of attorneys willing and able to take on complex, controversial and high risk employment cases." *See Griffen*, 831 P.2d at 48.   Again, that is not the case here.   Lastly, Defendant's reliance on *Mangold* is misplaced, because that case held that, under California state law, a contingent fee multiplier was properly applied to a fee award sought pursuant to a state statute.  *See Mangold*, 67 F.3d at 1478-79.  California state law is not applicable here, and, as stated above and noted in *Mangold*, contingent fee multipliers are unavailable under federal fee-shifting statutes.  *See id.* at 1478.

Nor has Defendant offered any facts to satisfy her burden of demonstrating that this case was the "rare and exceptional" case where a multiplier is appropriate.  Simply stated, it is not, and all of the factors on which Defendant relies are already part of the initial lodestar calculation. (*Markowitz Decl.* at ¶ 21.)

Because Defendant has failed to carry her burden regarding the application of a multiplier, Plaintiffs respectfully request that the Court not apply a multiplier to the lodestar amount of $30,099.20.  (*Id.*)

//

//

PAGE 18 -    PLAINTIFFS' BRIEF REGARDING THE REASONABLE ATTORNEYS'
FEES TO BE AWARDED TO DEFENDANT

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100

707510.0010/695475.1

## IV.  CONCLUSION

For these reasons, Plaintiffs submit that Defendant's requested fees are excessive and that, if any fees are to be awarded, the Court should award no more than $30,099.20.

DATED:  March 7, 2008

LANE POWELL PC


By _s/ William T. Patton_
    Kenneth R. Davis, II, OSB No. 97113
    William T. Patton, OSB No. 97364
    (503) 778-2100

**Richard L. Gabriel,** *Admitted Pro Hac Vice*
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado  80203
Telephone:  303.861.7000
Facsimile:  303.866.0200

Attorneys for Plaintiffs Atlantic Recording
Corporation, Priority Records LLC, Capitol
Records, Inc., UMG Recordings, Inc., and BMG
Music

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100