UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; PRIORITY RECORDS LLC, a California Limited Liability Company; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>    Plaintiffs,<br><br>    v.<br><br>TANYA ANDERSEN,<br><br>    Defendant. | CV 05-933-AC<br><br>OPINION AND ORDER |

REDDEN, Judge:

On May 14, 2008, United States Magistrate Judge John Acosta issued his Findings and Recommendation (doc. 191) that defendant Tanya Andersen's Motion (doc. 159) to Fix Amount

PAGE 1 - OPINION AND ORDER

of Attorney's Fees be granted in part, and denied in part, and that she be awarded attorney's fees in the amount of $103,175. Magistrate Judge Acosta also recommended that Andersen's Bill of Costs (doc. 162) be approved in the amount of $4,659.

The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Civil Procedure 72(b) and 54(d)(2)(D). The magistrate judge only makes recommendations to the district court, and any party may file written objections to those recommendations. When a party timely objects to any portion of the magistrate judge's Findings and Recommendation, the district court must conduct a *de novo* review of the portions of the Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). In conducting a *de novo* review, the district court is not bound by the recommendations of the magistrate judge, and "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court is not required to review the factual and legal conclusions of the magistrate judge, to which the parties do not object. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Plaintiffs Atlantic Recording Corp. et al. ("Atlantic") and defendant Tanya Andersen timely filed objections to Magistrate Judge Acosta's Findings and Recommendation. I have, therefore, given those portions of the Findings and Recommendation a *de novo* review. I agree with Magistrate Judge Acosta's Findings and Recommendation.

Atlantic argues that Magistrate Judge Acosta applied the wrong legal standard in

PAGE 2 - OPINION AND ORDER

awarding Andersen attorney's fees for pursuing counterclaims. Atlantic contends that fees for non-copyright claims are only compensable under the Copyright Act where they are "so intertwined" with the copyright claims "that it is impossible to differentiate between work done on the claims." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000). I disagree.

The "inextricably intertwined" standard articulated in Gracie is not applicable here. In that case, the Ninth Circuit addressed the calculation of attorney's fees under the Lanham Act, not the Copyright Act. Under the Lanham Act, attorney's fees are recoverable only in "exceptional cases," and only for work performed in connection with claims filed under the Lanham Act. 15 U.S.C. § 1117(a); Gracie, 217 F.3d at 1070. In contrast to the Lanham Act, an award of attorney's fees to the prevailing party are "the rule rather than the exception" under the Copyright Act, and "should be awarded routinely." Virgin Records Am., Inc. v. Thompson, 512 F.3d 724, 726 (5th Cir. 2008) (internal quotations and citation omitted). As such, Atlantic's reliance on Gracie is misplaced.

Atlantic's reliance on The Traditional Cat Association v. Gilbreath, 340 F.3d 829 (9th Cir. 2003), is similarly misplaced. In that case, the Ninth Circuit remanded an award of attorney's fees and instructed the district court to determine whether the copyright and non-copyright claims were related. If the "copyright and non-copyright claims [we]re not related, the defendants can only recover fees attributable to the copyright claims." Id. at 834 (emphasis added). Here, Magistrate Judge Acosta specifically found that Andersen's counterclaims were related to the copyright claims. I agree with that conclusion. Thus, Traditional Cat is inapposite.

Contrary to Atlantic's argument, efforts expended on unsuccessful related non-copyright claims may be compensable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Cabrales

PAGE 3 - OPINION AND ORDER

v. County of Los Angeles, 935 F.2d 1050, 1052 (9th Cir. 1988) ("We read Hensley as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for the services that contribute to ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full, or in part, if it contributes to the success of the other claims."). Here, Magistrate Judges Acosta and Ashmanskas both found that Andersen's pursuit of the counterclaims contributed, at least in part, to her ultimate success in this case. See May 14, 2008 Findings and Recommendation (doc. 191), at 10; Sept. 18, 2007 Findings and Recommendation (doc. 151), at 8. I agree with those findings and conclude that Atlantic's objections are without merit.

Turning to Andersen's objections, I agree with Magistrate Judge Acosta that the facts of this case do not support the application of a multiplier to Andersen's fees. "The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record an detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). Andersen has failed to demonstrate that the this case was "exceptional" or "rare" within the meaning of the applicable case law, and the cases Andersen cites in support of her argument are distinguishable. Magistrate Judge Acosta correctly observed that several of the factors Andersen cites in support of her argument for a multiplier, such as the "undesirability" and "risk" of representation, were already accounted for as part of the court's lodestar computation. As such, I find that Magistrate Judge Acosta properly denied Andersen's request for a multiplier.

Finally, I disagree with Andersen's contention that Magistrate Judge Acosta erred in awarding attorney Benjamin Justus an hourly rate of $190. The hourly wage data set out in the 2007 Oregon State Bar Economic Survey is based on "total years admitted to practice," not years of experience. The record does not support a finding that attorney Justus has been admitted to practice for more than three years. In any event, Mr. Justus' award of $190 per hour is a reasonable rate for an attorney of similar experience.

After careful review of the record and the parties' objections, I agree with Magistrate Judge Acosta's analysis and conclusions. Accordingly, I ADOPT Judge Acosta's Findings and Recommendation (doc. 191) as my own opinion. Andersen's Motion to Fix Amount of Attorney's Fees (doc. 159) is GRANTED in part, and DENIED in part. Andersen is hereby awarded attorney's fees in the amount of $103,175. Andersen's Bill of Costs (doc. 162) is APPROVED in the amount of $4,659.

IT IS SO ORDERED.

DATED this 24 day of June, 2008.

James A. Redden
Senior United States District Judge